UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| NITIN SINGH,<br><br>Plaintiff,<br><br>-against-<br><br>GEDEON GRC CONSULTING, LLC and RUDOLPH GEDEON,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff **NITIN SINGH** ("Plaintiff" or "Mr. Singh"), by and through his attorneys, FISHER TAUBENFELD LLP, alleges against Defendant **GEDEON GRC CONSULTING, LLC** ("Gedeon GRC" or the "Company") and RUDOLPH GEDEON ("Mr. Gedeon") (together, "Defendants"), as follows:

## NATURE OF THIS ACTION

1. This is an action for national origin discrimination, hostile work environment, and retaliation in violation of the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq. ("NYSHRL"); for unpaid minimum wages, unpaid overtime, unlawful deductions from wages, and wage notice and wage statement violations under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), and the New York Labor Law ("NYLL"); and for unjust enrichment and breach of contract.

2. Unlike most discrimination cases, where intent must be inferred, the Company's Chief Executive Officer put his bias in writing. One week after Mr. Singh started, Mr. Gedeon wrote to him that he had a "serious past when working with Indians," that "Indian food smells," and that other staff felt "threatened" because the Company had hired Mr. Singh "and other Indians."

3. When Mr. Singh complained to Human Resources, the Company admitted that Mr. Gedeon had a history of conduct requiring HR intervention, told Mr. Singh to stop emailing about it, and did nothing to stop it. Instead, Mr. Gedeon escalated his hostility.

4. Defendants also failed to pay Mr. Singh any wages at all for the work he performed during the workweeks of June 3, 2024 through June 28, 2024, even after he complained to the Company's Human Resources Manager that he had not been paid.

5. Plaintiff seeks damages to redress the losses he has suffered as a result of Defendants' unlawful conduct.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) based on Plaintiff's claims under the FLSA, 29 U.S.C. § 216(b).

7. This Court has supplemental jurisdiction over Plaintiff's NYSHRL, NYLL, unjust enrichment and breach of contract claims pursuant to 28 U.S.C. § 1367(a), as those claims are so related to Plaintiff's federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) because the Company maintains its principal place of business in Syosset, Nassau County, New York, within this District, and a substantial part of the acts and omissions giving rise to the claims alleged herein occurred in this District.

## PARTIES

### *Plaintiff*

9. Plaintiff Nitin Singh is a resident of the State of California. At all relevant times plaintiff was a resident of the state of New York.

10. Plaintiff is of Indian national origin.

11. Plaintiff was employed by the Company as Director of Construction from on or about May 6, 2024 to July 15, 2024.

12. At all relevant times, Plaintiff was an "employee" within the meaning of the NYSHRL, N.Y. Exec. Law § 292(6); the FLSA, 29 U.S.C. § 203(e); and the NYLL, N.Y. Lab. Law §§ 190(2) and 651(5).

### *Defendants*

13. Upon information and belief, Gedeon GRC is a New York limited liability company with its principal place of business at 6901 Jericho Turnpike, Suite 216, Syosset, New York 11791.

14. Upon information and belief, at all relevant times, the Company employed fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year, and is an "employer" within the meaning of NYSHRL, N.Y. Exec. Law § 292(5).

15. Upon information and belief, at all relevant times, the Company was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1), in that it had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and had an annual gross volume of sales made or business done of not less than $500,000.

16. At all relevant times, the Company was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and the NYLL, N.Y. Lab. Law §§ 190(3) and 651(6).

17. Defendant Rudolph Gedeon is the Chief Executive Officer and owner of the Company. Upon information and belief, Mr. Gedeon resides in the State of New York.

18. At all relevant times, Mr. Gedeon had and exercised authority over the Company's personnel and payroll decisions, including the power to hire and fire employees, supervise and control employees' work schedules and conditions of employment, determine the rate and method of pay, and maintain employment records. Mr. Gedeon is therefore an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and the NYLL, N.Y. Lab. Law §§ 190(3) and 651(6).

19. Upon information and belief, Mr. Gedeon has an ownership interest in the Company and had the power to make personnel decisions regarding Plaintiff, and is individually liable as an employer under the NYSHRL. Mr. Gedeon also actually participated in the discriminatory and retaliatory conduct alleged herein and is liable as an aider and abettor under N.Y. Exec. Law § 296(6).

## **FACTUAL ALLEGATIONS**

20. Plaintiff commenced employment with the Company as Director of Construction on or about May 6, 2024.

21. In that role, Plaintiff was responsible for overseeing all aspects of construction, from proposal solicitation through project completion.

22. At all times, Plaintiff was qualified for his position and performed his duties with diligence and care, meeting or exceeding all reasonable performance expectations. Plaintiff never received a written warning, counseling, or performance improvement plan.

23. On May 13, 2024, one week after Plaintiff started, Mr. Gedeon sent Plaintiff an email in which he wrote that he had a "serious past when working with Indians" and that their "technical skill-set has lacked according to US standards."

24. In the same email, Mr. Gedeon prohibited Plaintiff from heating Indian food in the workplace because "Indian food smells."

25. In the same email, Mr. Gedeon told Plaintiff that other staff felt "threatened" because the Company had hired Plaintiff "and other Indians."

26. On June 3, 2024, Mr. Gedeon again wrote to Plaintiff that the Company "ha[d] not hired Indian people in a long time," that there was a "cultural shift that [the] company is not quite ready for," and that complaints about "Indian food smell" and Indian employees were ongoing.

27. Upon information and belief, non-Indian employees were not prohibited from heating their food in the workplace.

28. These statements were not stray remarks. They were made in writing, directed at Plaintiff, and expressly tied to his national origin by the Company's highest-ranking officer, who had authority over Plaintiff's terms and conditions of employment.

29. Mr. Gedeon repeatedly framed Plaintiff and other Indian employees as problematic, unwelcome, and threatening to the Company.

30. Plaintiff responded with professionalism and restraint. He apologized, attempted to accommodate Mr. Gedeon's demands, and expressed a desire to improve workplace relationships, even stating that he would avoid using the microwave "despite being from India."

31. Plaintiff complained on multiple occasions to the Company's Human Resources department ("HR") that Mr. Gedeon was discriminating against him because of his national origin.

32. Plaintiff told HR that he felt he had to "almost change [his] nationality" to satisfy Mr. Gedeon.

33. HR acknowledged that Mr. Gedeon had a "history of instances . . . where HR intervention would have been required."

34. Despite this admission, the Company took no meaningful corrective action. Instead, HR instructed Plaintiff to stop emailing about the issue while HR "looked into it."

35. Upon information and belief, the Company never completed an investigation of Plaintiff's complaints, never disciplined Mr. Gedeon, and never implemented any remedial measures.

36. After Plaintiff complained, Mr. Gedeon's hostility toward him escalated.

37. Plaintiff reported to Mr. Gedeon that a coworker had yelled at him and that he felt threatened. Rather than address the complaint, Mr. Gedeon blamed the problem on Plaintiff's background and instructed Plaintiff to "adapt."

38. Mr. Gedeon continued to blame Plaintiff for workplace issues, dismissed his complaints, and attributed workplace problems to Plaintiff's national origin.

39. In addition to discrimination and retaliation, Defendants engaged in unlawful wage practices.

40. Defendants agreed to pay Plaintiff an annual salary of $175,000.

41. Defendants classified Plaintiff as exempt from the minimum wage and overtime requirements of the FLSA and NYLL and purported to pay him on a salary basis.

42. For the workweeks of June 3, 2024 through June 28, 2024, Defendants did not pay Plaintiff any wages at all, even though Plaintiff continued to perform his full job duties during that period.

43. As a result, Defendants failed to pay Plaintiff approximately $13,461.54 in earned salary for those four workweeks.

44. Because Defendants paid Plaintiff no salary for the workweeks of June 3, 2024 through June 28, 2024, Plaintiff was not paid on a salary basis during those workweeks, and no exemption under the FLSA or NYLL applied to him. Defendants were therefore required to pay Plaintiff at least the applicable federal and New York State minimum wage for every hour he worked during those workweeks, and overtime at one and one-half times his regular rate of pay for all hours he worked in excess of forty (40) per workweek.

45. From June 3, 2024 through June 28, 2024, Plaintiff worked the following schedule without breaks:

6/3: 8am-5pm

6/4: 8am-3pm

6/5: 8am-4pm

6/6: 8am-5pm

6/7: 8am-3pm

6/10: 8am-5pm

6/11: 8am-5pm

6/12: 7am-4pm

6/13: 8am-6pm

6/14: 9am-4pm

6/17: 9am-5pm

6/18: 8am-5pm

6/19: 7am-5pm

6/20: 8am-4pm

6/21: 8am-5pm

6/24: 8am-4:30pm

6/25: 8am-4:30pm

6/26: 8am-5pm

6/27: 7am-6pm

6/28: 8am-4pm

46. Plaintiff complained to Timothy Walton, the Company's Human Resources Manager at the time, that he had not been paid for this time period

47. Despite Plaintiff's complaint, Defendants did not pay Plaintiff the wages he was owed for those workweeks, and to date have not paid them.

48. Defendants' failure to pay Plaintiff was knowing and willful. Defendants knew that Plaintiff was performing work for the Company, and, through Plaintiff's complaint to Human Resources, knew that he had not been paid for that work.

49. For the period that Plaintiff was not paid, Defendants also failed to provide Plaintiff with wage statements (paystubs) with each payment of wages, as required by NYLL § 195(3).

50. Defendants' failure to provide Plaintiff with a wage statements deprived Plaintiff of the information he needed to verify his rate of pay, the hours for which he was being paid, and the deductions being taken from his wages, and prevented him from identifying and promptly

challenging Defendants' underpayments and unlawful deductions, which contributed to Plaintiff's loss of wages.

**FIRST CAUSE OF ACTION**

**(National Origin Discrimination and Harassment in Violation of the NYSHRL – Against All Defendants)**

51. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

52. Defendants discriminated against Plaintiff in the terms, conditions, and privileges of his employment because of his national origin, in violation of N.Y. Exec. Law § 296(1)(a).

53. Defendants subjected Plaintiff to harassment because of his national origin that subjected him to inferior terms, conditions, or privileges of employment, in violation of N.Y. Exec. Law § 296(1)(h). Under the NYSHRL, such harassment is actionable regardless of whether it would be considered severe or pervasive.

54. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, lost wages and benefits, and emotional pain, suffering, mental anguish, loss of enjoyment of life, humiliation, and harm to his reputation.

55. Defendants' conduct was willful, wanton, and/or in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages under N.Y. Exec. Law § 297(9).

**SECOND CAUSE OF ACTION**

**(Retaliation in Violation of the NYSHRL – Against All Defendants)**

56. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

57. Plaintiff engaged in protected activity under the NYSHRL by opposing and complaining about national origin discrimination.

58. Defendants were aware of Plaintiff's protected activity.

59. Defendants retaliated against Plaintiff because of his protected activity, in violation of N.Y. Exec. Law §§ 296(1)(e) and 296(7).

60. As a direct and proximate result of Defendants' unlawful retaliation, Plaintiff has suffered, and continues to suffer, lost wages and benefits, and emotional pain, suffering, mental anguish, loss of enjoyment of life, humiliation, and harm to his reputation.

61. Defendants' conduct was willful, wanton, and/or in reckless disregard of Plaintiff's rights, entitling Plaintiff to punitive damages under N.Y. Exec. Law § 297(9).

**THIRD CAUSE OF ACTION**

**(Aiding and Abetting in Violation of the NYSHRL – Against Defendant Rudolph Gedeon)**

62. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

63. Mr. Gedeon knowingly and actually participated in, and aided, abetted, incited, compelled, and/or coerced, the discriminatory and retaliatory conduct alleged herein, in violation of N.Y. Exec. Law § 296(6).

64. As a direct and proximate result of Mr. Gedeon's unlawful conduct, Plaintiff has suffered, and continues to suffer, lost wages and benefits, and emotional pain, suffering, mental anguish, loss of enjoyment of life, humiliation, and harm to his reputation.

**FOURTH CAUSE OF ACTION**

**(Minimum Wage Violations under the FLSA – Against All Defendants)**

65. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

66. During the workweeks of June 3, 2024 through June 28, 2024, Defendants failed to pay Plaintiff at all for any of the work he performed for Defendants.

67. By failing to pay Plaintiff at all for his work, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff at the required federal minimum wage, in violation of the FLSA, 29 U.S.C. § 206.

68. Defendants' violations were willful within the meaning of 29 U.S.C. § 255(a).

69. Plaintiff seeks damages in the amount of his unpaid compensation, liquidated (double) damages as provided by the FLSA, 29 U.S.C. § 216(b), attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**<u>FIFTH CAUSE OF ACTION</u>**

**(Minimum Wage Violations under the NYLL – Against All Defendants)**

70. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

71. During the workweeks of June 3, 2024 through June 28, 2024, Defendants failed to pay Plaintiff at all for any of the work he performed for Defendants.

72. By failing to pay Plaintiff at all for his work, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff at the required New York State minimum wage, in violation of NYLL § 652 and 12 N.Y.C.R.R. § 142-2.1.

73. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment

interest as provided by NYLL §§ 198 and 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**SIXTH CAUSE OF ACTION**

**(FLSA Overtime Wage Violations – Against All Defendants)**

74. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

75. During the workweeks of June 3, 2024 through June 28, 2024, when Defendants paid Plaintiff no salary and Plaintiff was therefore not exempt, Plaintiff worked in excess of forty (40) hours per workweek.

76. At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff at one and one-half times his regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA, 29 U.S.C. §§ 207(a)(1) and 211(c).

77. Defendants' violations were willful within the meaning of 29 U.S.C. § 255(a).

78. Plaintiff seeks damages in the amount of his unpaid overtime compensation, liquidated (double) damages as provided by the FLSA, 29 U.S.C. § 216(b), attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

**SEVENTH CAUSE OF ACTION**

**(NYLL Overtime Wage Violations – Against All Defendants)**

79. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

80. New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

81. During the workweeks of June 3, 2024 through June 28, 2024, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rate of one and one-half times his regular rate of pay for hours worked in excess of forty (40) per workweek, in violation of NYLL § 650 et seq. and 12 N.Y.C.R.R. § 142-2.2.

82. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL §§ 198 and 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## EIGHTH CAUSE OF ACTION

**(Unpaid Wages and Unlawful Deductions under NYLL §§ 191 and 193 and the No Wage Loophole Act – Against All Defendants)**

83. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

84. Defendants failed to pay Plaintiff his earned wages for the workweeks of June 3, 2024 through June 28, 2024, in violation of NYLL §§ 191 and 193 and the No Wage Loophole Act.

85. Defendants also made deductions from Plaintiff's wages that were not required or authorized by law and were not expressly authorized in writing by Plaintiff for his benefit, in violation of NYLL § 193.

86. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages and unlawfully deducted amounts in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**NINTH CAUSE OF ACTION**

**(Breach of Contract – Unpaid Wages – Against the Company)**

87. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

88. The Company entered into a contract with Plaintiff to pay him an annual salary of $175,000 for his work as Director of Construction.

89. Plaintiff performed his work for the Company as agreed, including during the workweeks of June 3, 2024 through June 28, 2024.

90. The Company breached the contract by failing to pay Plaintiff any salary for the workweeks of June 3, 2024 through June 28, 2024, amounting to approximately $13,461.54.

91. By virtue of the foregoing breach of contract by the Company, Plaintiff has been damaged by not receiving the payments due to him, and is entitled to compensatory damages, interest, costs, disbursements, and attorneys' fees and costs.

**TENTH CAUSE OF ACTION**

**(Wage Statement Violations under NYLL § 195 – Against All Defendants)**

92. Plaintiff repeats and realleges each and every allegation set forth above as though fully set forth herein.

93. For a period of his employment, Defendants failed to provide Plaintiff with accurate wage statements with each payment of wages, in violation of NYLL § 195(3).

94. As set forth above, Defendants' failure to provide the required wage statements deprived Plaintiff of information he needed to verify his pay and prevented him from identifying and promptly challenging Defendants' underpayments and unlawful deductions, causing him concrete harm.

95. As a result, Plaintiff is entitled to statutory damages, together with reasonable attorneys' fees and costs, pursuant to NYLL §§ 198(1-b) and 198(1-d).

## ELEVENTH CAUSE OF ACTION

**(Unjust Enrichment)**

96. Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as if fully set forth herein.

97. Between June 3, 2024 and June 28, 2024, Plaintiff performed work for Defendants but was not paid any compensation.

98. Defendants accepted and retained the benefits of Plaintiff's work.

99. Under the circumstances, it would be inequitable for Defendants to retain these benefits without compensating Plaintiff.

100. That by virtue of the foregoing, Plaintiff has been damaged and is entitled to compensatory damages, interest, costs, disbursements, and attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants awarding:

A. Back pay and lost benefits;

B. Front pay;

C. Compensatory damages for emotional pain, suffering, mental anguish, loss of enjoyment of life, humiliation, and harm to reputation;

D. Punitive damages;

E. Unpaid wages, unpaid overtime compensation, unpaid salary, and all amounts unlawfully deducted from Plaintiff's wages;

F. Liquidated damages pursuant to the FLSA and the NYLL;

G. Statutory damages pursuant to NYLL §§ 198(1-b) and 198(1-d);

H. Compensatory damages for Defendants' breach of contract;

I. Pre-judgment and post-judgment interest;

J. Plaintiff's reasonable attorneys' fees and costs pursuant to the NYSHRL, the FLSA, and the NYLL; and

K. Such other and further relief as this Court deems just and proper.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury on all issues so triable.

Dated: New York, New York
November 20, 2026

Respectfully submitted,

By: ______________________________

Liane Fisher, Esq.
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Attorneys for Plaintiff